```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 09-60290-CIV-ZLOCH
```

STEPHEN D. MOYNIHAN,

    Plaintiff,

vs.                                  **FINAL ORDER OF DISMISSAL**

WEST COAST LIFE INSURANCE,
COMPANY,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant's Motion To Dismiss (DE 10). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff's business partner, Mr. Willis V. Austin, III, died on November 7, 2008. Less than two years ago, Plaintiff, as owner and beneficiary, took out a life insurance policy with Defendant on Mr. Austin's life. Under Florida law, an insurance company has the right to review any claim for benefits when death occurs within two years of a policy being taken out. *Green v. Life & Health of Am.*, 776 So. 2d 949, 951 (4th DCA 2000). And if during this period the insured dies from a pre-existing condition that was hid from the insurance company, it may deny benefits under the policy.

    Defendant's review of contestable claims usually takes between three and six months. In this case, Defendant has encountered certain difficulties gathering Mr. Austin's medical records. But it anticipates that a decision should be forthcoming within the six-month time frame. Despite this, Plaintiff has filed suit, seeking

declaratory judgment that he is owed the benefits under the policy. Defendant responded to the Complaint with the instant Motion and argues that a determination granting or denying the claim has not been made, thus this case is not ripe and must be dismissed for lack of jurisdiction. The Court agrees: it cannot sit in review of a speculative breach of contract. When an insurance company exercises its statutory and contractual rights to review a claim, and has not made any determination as to its merits, the Court will not waste judicial resources and alter the Parties' contractual rights by making a premature adjudication of the same.

## I. Facts

Plaintiff and Mr. Austin were co-owners of HMY, Yacht Sales, Inc. On April 26, 2007, a life insurance policy was taken out on Mr. Austin's life, with Plaintiff as the beneficiary. On November 7, 2008 Mr. Austin died from cancer. On November 24, 2008, Defendant was notified of his death and commenced its standard investigation. After waiting about seventy days, Plaintiff filed suit on February 3, 2009, for breach of contract and seeking a Declaratory Judgment that he was entitled to the death benefits under the same.

## II. Standard of Review

A party may challenge the Court's jurisdiction over a case at any time. Fed. R. Civ. P. 12(b)(1). Here, the issue is whether Plaintiff's claims are ripe for adjudication, which would undermine whether the Court is presented with a true case or controversy to

2

adjudicate.  In *Digital Properties, Inc.  v.  City of Plantation*, 121 F.3d 586, 589 (11th Cir.  1997), the Eleventh Circuit explained that

> The ripeness doctrine involves consideration of both jurisdictional and prudential concerns. Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review. See U.S. Const. art. III, § 2, cl. 1. Even when the constitutional minimum has been met, however, prudential considerations may still counsel judicial restraint.
> The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes. "The doctrine seeks to avoid entangling courts in the hazards of premature adjudication. The ripeness inquiry requires a determination of (l) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. Courts must resolve "whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decision making by the court."

*Id.* at 590 (citation and quotation marks omitted).

### III.  Analysis

The *Digital Properties* analysis, focuses the Court on two particular points.  The first is whether the issues raised in the complaint are fit for adjudication, that is, whether there are concrete issues that the Court can rest its judgment upon.  *Id.* The second concerns whether any undue hardship will fall upon the Parties, if the Court declines to adjudicate the claims before it. *Id.*  In weighing each of these factors, the Court's analysis is informed by:

3

>       (1) whether delayed review would cause hardship to the
>       plaintiffs; (2) whether judicial intervention would
>       inappropriately interfere with further administrative
>       action; and (3) whether the courts would benefit from
>       further factual development of the issues presented.

*Pitman v. Cole*, 267 F.3d 1269, 1278 (11th Cir. 2001) (quoting *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998)).

In this case, nothing has affected Plaintiff's rights under the contract. He cites to the policy language that he believes establishes that once the insured is deceased and the death certificate is presented, he is entitled to the policy's benefits. DE 11, p. 6. This argument ignores the fact that the policy also has an incontestability provision that permits the Defendant to investigate and determine whether the policy should have issued in the first place, if death occurs during the first two years of the policy's life.

Defendant's insistence that it employ due diligence and review his claim has not harmed Plaintiff in any material sense. There is no question that he would prefer to have the policy benefit, and, perhaps, to clear the cloud of uncertainty that comes with awaiting the insurance company's determination. But ameliorating a Plaintiff's angst and uncertainty does not give rise to an Article III claim. The Plaintiff's hardship in awaiting a decision by the insurance company is among the difficulties that all Americans confront when dealing with an insurance company. It cannot be said that the harm of Plaintiff having to wait while Defendant conducts its statutory and contractually provided right to review the claim

4

is sufficient for the Court to proceed to a determination on the merits.

There has not been any determination by the Defendant as to whether the policy should have issued or how it plans to proceed in this action. Until it exercises its rights under the policy to deny the claim, Plaintiff cannot maintain that there has been a breach or that his rights have been affected. And if the Court were to rule that there has been a breach and the policy benefits are owed, that determination would inappropriately interfere with Defendant's ability to conduct its own analysis. *Cole*, 267 F.3d at 1278. The decision to challenge whether the policy was improperly issued is vested within Defendant's own competence and expertise, having a court determination before any is made by the Defendant would unduly interfere its rights. Further, any meaningful review by the Court on the merits of Plaintiff's claims would benefit from a full record. At a minimum, knowing if the Defendant denied benefits and the specific reason it did would help the Court from confronting and refuting hypothetical theories of the defense. *Pitman*, 267 F.3d at 1278.

The prudential considerations that attach to this case also weigh in favor of dismissing it. *See Action Alliance of Senior Citizens v. Heckler*, 789 F. 2d 931, 940 n.12 (D.C. Cir. 1986). At this time, the Defendants have established their diligence in processing Plaintiff's claim. They have communicated extensively with his attorney. DE 10, Exs. E-F. And they are still within the

reasonable time frame that Defendants have projected for a claim of this nature: six months.

If this case were brought after Defendant refused to communicate with Plaintiff for an unreasonable time and showed no diligence in conducting its investigation, the Court would be confronted with a different matter.  As it is, the question of whether Defendant has breached the contract is not fit for a judicial determination.  There is little to no concrete hardship that attaches to the Parties if the Court withholds adjudication at this time, and the prudential considerations that attach to this matter militate towards dismissing this case until some future time when it is ripe for adjudication.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion To Dismiss (DE 10) be and the same is hereby **GRANTED**;

2. Plaintiffs' Complaint (DE 1) is **DISMISSED**, without prejudice; and

3. To the extent not otherwise disposed of herein, all pending Motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   7th    day of April, 2009.

*/s/ William J. Zloch*
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record